Law Office of Philip L. Asiano Professional Corporation
Philip L. Asiano, Esq. Cal. Bar No. 124287
1044 22nd Street
San Diego, California 92102
Voice:  619-231-6579
Fax:   619-255-7358
asiano@simplyweb.net
*Attorney for Nerys Logistics, Inc.*

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLUE LINE FOODSERVICE DISTRIBUTION, INC., | Case No.: 24cv01250-W-MMP |
| Plaintiff, | **DEFENDANT NERYS LOGISTICS' OPPOSITION TO BLUE LINE'S APPLICATION FOR DEFAULT JUDGMENT AGAINST NERYS LOGISTICS [DOC. 35]** |
| v. | NO ORAL ARGUMENT PURSUANT TO LOCAL RULE |
| JOHN CATHCART, NERYS LOGISTICS, INC., MERCATOR CAPITAL ADVISORS, INC., | Action Filed:      July 19, 2024<br>Trial Date:          NA |
| Defendants.<br>_____ | Honorable Thomas J. Whelan<br>Courtroom 3C |

NOW COMES, Philip L. Asiano, Esq. and Law Office of Philip L. Asiano Professional Corporation having previously appeared for Defendant NERY'S LOGISTICS, INC. ("Logistics") and in compliance with the court's ORDER SETTING BRIEFING SCHEDULE FOR BLUE LINE'S APPLICATION FOR DEFAULT JUDGMENT AGAINST NERYS LOGISTICS [DOC. 35] Does hereby state as follows:

This court should defer entering any judgment against Logistics until the final judgment in the case, otherwise it would violate California's one judgment rule and Federal Rule of Civil Procedure 54(b). I am filing this brief not in my representative capacity, but in order to comply with the court's order. Logistics is a defunct corporation. Blue Line admits that "Nerys Logistics stopped doing business in 2017". See MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF BLUE LINE FOODSERVICE DISTRIBUTION, INC.'S APPLICATION FOR DEFAULT JUDGMENT AGAINST NERYS LOGISTICS, INC. Docket no. 35 page 11, line 23. Blue Line has also provided the court with proof that Logistics is in default with the Nevada Secretary of State. A defunct corporation cannot defend itself because it has no legal existence. See the holding in G. M. STANDIFER CONST. CORPORATION v. COMMISSIONER OF INTERNAL REVENUE, 78 F.2d 285; Circuit Court of Appeals, Ninth Circuit. Blue Line has not argued, has not cited authority and has not proven that Logistics is currently a legally cognizable entity with the capacity to sue or defend litigation.

I had originally planned to withdraw from representation, but I could not due to Civil Local Rule 83.3 which states that "(a)ll other parties, including corporations, partnerships and other legal entities, may appear in court only through an attorney". I doubt the court would allow me to withdraw until a new counsel is substituted and since my client no longer exists and cannot pay an attorney, substitution of counsel is not an option.

Logistics was sold in approximately 2022 after the occurrence of the facts that are relevant to this case. See Declaration of DECLARATION IN OPPOSITION TO BLUE LINE'S APPLICATION FOR DEFAULT JUDGMENT AGAINST NERYS LOGISTICS. John Cathcart is not an officer of Nerys Logistics and has not been one for some time.

Plaintiff Blue line admits that "Cathcart is a shareholder of Nerys Logistics and until June 2022, was its sole officer. (Dkt. 1 ¶¶ 11, 34.)" MEMORANDUM OF

2

POINTS AND AUTHORITIES IN SUPPORT OF BLUE LINE FOODSERVICE DISTRIBUTION, INC.'S APPLICATION FOR DEFAULT JUDGMENT AGAINST NERYS LOGISTICS, INC. Docket no. 35 page 10, line 18. Blue Line's position is consistent with the Declaration submitted in opposition.

Entering a judgment finding that John Cathcart has alter ego liability for Logistics' default liability is tantamount to a default judgment against John Cathcart. John Cathcart is not in default. In this case, because Blue Line is seeking alter ego liability, it is appropriate for the court to follow California's one-judgment rule. See California Code of Civil Procedure Section 579 which reads: "In an action against several defendants, the Court may, in its discretion, render judgment against one or more of them, leaving the action to proceed against the others, whenever a several judgment is proper." See also Federal Rule of Civil Procedure 54(b). Several judgment is not proper. The fact that Blue Line is seeking a judgment finding that John Cathcart has alter ego liability for Logistics proves that the claims involving Logistics are so intertwined with the claims involving the other defendants, such that there is "just reason for delay" in entering judgment against Logistics.

Wherefore, this writer requests that the court defer any judgment against Logistics until final judgment against all defendants.

Respectfully Submitted,

DATED this 7th day of July, 2025.

> Law Office of Philip L. Asiano
> Professional Corporation
>
> By:    ___*/s/ Philip Asiano*___
> Philip L. Asiano, Esq.
> California State Bar No. 124287
> *Attorney for Nerys Logistics, Inc.*

3

LOGISTICS' OPPOSITION TO BLUE LINE'S APPLICATION FOR DEFAULTJUDGMENT AGAINST NERYS LOGISTICS