GUNDERSON LAW FIRM
Courtney G. Sweet, Esq.
California State Bar No. 257261
3895 Warren Way
Reno, Nevada 89509
Telephone: 775.829.1222
Facsimile: 775.829.1226
csweet@gundersonlaw.com
~and~
Mark C. Mazzarella, Esq.
California State Bar No. 82494
mmazzarella@dmwplc.com
Katherine C. Fine, Esq.
California State Bar No. 310154
fine@dmwplc.com
DUCKOR METZGER & WYNNE
A Professional Law Corporation
101 West Broadway, Suite 1700
San Diego, California 92101
Telephone: 619.209.3000
Facsimile: 619.209.3043
*Attorneys for John Cathcart and Mercator Capital Advisors, Inc.*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLUE LINE FOODSERVICE DISTRIBUTION, INC., <br><br> Plaintiff, <br><br> v. <br><br> JOHN CATHCART, NERYS LOGISTICS, INC., MERCATOR CAPITAL ADVISORS, INC., <br><br> Defendants. <br> _____ / | Case No.: 24cv01250-W-MMP <br><br> **DEFENDANTS JOHN CATHCART AND MERCATOR CAPITAL ADVISORS, INC.'S OPPOSITION TO BLUE LINE FOODSERVICE DISTRIBUTION, INC.'S APPLICATION FOR DEFAULT JUDGMENT AGAINST NERY'S LOGISTICS, INC.** |

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    Introduction

By this *Application*, Blue Line seeks a default judgment against one allegedly jointly liable codefendant based upon unproven factual allegations against the defaulted defendant, Nerys Logistics, and the remaining defendants, Mercator and John Cathcart. Such relief has been held to be "incongruous," "illegal," and "unfair," in a line of cases dating back over 100 years, decided by the United States Supreme Court and the Ninth Circuit Court of Appeal. For this and other reasons, the Application must be denied. The default should remain in place until the litigation against Mercator and Cathcart is resolved on the merits. Only then will the court be able to determine whether, and in what amount, if any, a judgment should be entered against the three codefendants.

### II.    Relevant Factual Summary

On February 14, 2012, Blue Line Foodservice Distribution Inc. entered into a five-year Distributor Agreement with Com Nerys. (Distributor Agreement attached as **Exhibit 1** hereto). Nery's USA, Inc. was a Guarantor of the Agreement. (Id.)[1]. Under the Distributor Agreement, Com Nerys, as the distributor, agreed to provide certain distribution services such as buying, ordering, warehousing, transportation, and inventory control with respect to Blue Line-affiliated Little Caesar's pizza franchises in Mexico. (Id.).

On May 9, 2018, several months after the Distributor Agreement ended, Blue Line filed a Notice of Arbitration with the American Arbitration Association ("AAA") against Com Nerys and Nery's USA concerning payments under the Distributor Agreement. (Dkt. 1 at ¶ 22; Notice of Arbitration, attached as **Exhibit 2** hereto).[2] Blue Line sought approximately $6.3 million in the arbitration. (Dkt. 1 at ¶ 23). In response, Com Nerys filed an Answer and Counterclaim and a subsequent Statement of Amended

---

[1] Approximately one year prior to this, Nery's USA had been the distributor.
[2] The Distributor Agreement contained an arbitration clause in Section 12.7.

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

DEFENDANTS JOHN CATHCART AND MERCATOR CAPITAL ADVISORS, INC.'S OPPOSITION TO BLUE LINE FOODSERVICE DISTRIBUTION, INC.'S APPLICATION FOR DEFAULT JUDGMENT AGAINST NERY'S LOGISTICS, INC.

1

Counterclaim, seeking over $1.9 million. (Answer and Counterclaim attached as **Exhibit 3** hereto).

On April 8, 2020, Blue Line, Com Nerys, and Nery's USA resolved their claims and counterclaims in the arbitration by signing a stipulated award, by which an award would be entered against Com Nerys and Nery's USA for over $6.3 million. (Stipulation to Award attached as **Exhibit 4**, hereto).

Blue Line then brought an action to confirm and enforce the award in the Eastern District of Michigan against Com Nerys and Nery's USA. (ECF No. 1, Case No. 20-cv-11043). Neither Defendant Com Nerys nor Nery's USA filed an Answer. On October 5, 2020, Judge Cox entered a default judgment against the Defendants, jointly and severally, for $6,342,402.63. (Dkt. 1 at Ex A).

On January 29, 2021, Blue Line pursued collecting its judgment by registering it in the United States District Court for the Southern District of California. (*See* Registration of Foreign Judgment, ECF 1, in Case No. 3:21-mc-00124, attached as **Exhibit 5**, hereto). Blue Line then proceeded for the next two years with debtor exams and discovery, including taking depositions, issuing interrogatories, and subpoenas. (*See* S.D. California Case Docket, attached as **Exhibit 6**, hereto). To date, the Southern District of California case remains open. See Ex. 6.

On April 20, 2023, Blue Line filed a new lawsuit in the Eastern District of Michigan, for the first time alleging three counts against Defendants Com Nerys, Nery's USA, Nery's Logistics, Mercator, and Cathcart as follows: Count I- Fraudulent Transfer of Assets; Count II- Common Law Fraudulent Conveyance; and Count III- Alter-Ego/Piercing the Corporate Veil. (Complaint and Demand for Jury Trial, ECF 1, in Case No. 23-cv-10925, attached as **Exhibit 7** hereto). Following motion practice, this Complaint was dismissed for lack of personal jurisdiction. (Order Granting Defendants' Motions to Dismiss, ECF 32, Case No. 23-cv-10925, attached as **Exhibit 8** hereto).

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

DEFENDANTS JOHN CATHCART AND MERCATOR CAPITAL ADVISORS, INC.'S OPPOSITION TO BLUE LINE FOODSERVICE DISTRIBUTION, INC.'S APPLICATION FOR DEFAULT JUDGMENT AGAINST NERY'S LOGISTICS, INC.

Blue Line then filed the present lawsuit in July 2024. (Dkt. 1). Although Cathcart and Mercator are actively defending the allegations against them, Nery's Logistics is now in default.

### III.    Argument

Blue Line is attempting to get a backdoor judgment against Cathcart and Mercator through the default of Nery's Logistics. Blue Line has positioned this Application as one against Nery's Logistics only, but every factual allegation and legal argument is against Cathcart and Mercator as much, if not more so, than against Nery's Logistics. Although Cathcart and Mercator have no ownership interest in or control over Nery's Logistics, they would be severely prejudiced by the award of a default judgment against their codefendant based on these highly contested allegations.

The law is clear: a default judgment cannot be entered against one joint codefendant when the remaining joint codefendants remain active in the case. Such an outcome could easily lead to unfair and incongruous results when the case is ultimately heard on the merits. Furthermore, because the *Application* is filled with factual allegations against Cathcart and Mercator as well as Nery's Logistics, a default judgment against Nery's Logistics on those grounds would necessarily prejudice Cathcart and Mercator as well.

Blue Line has failed to meet its burden for obtaining a default judgment against Nery's Logistics, and the *Application* should be denied. Instead, the appropriate course of action would be to allow Nery's Logistics to remain in default while the lawsuit proceeds on its merits.

   *A. Default judgment should not be entered against one joint codefendant when the remaining joint codefendants are actively participating in the lawsuit.*

Both the Federal Rules of Civil Procedure and well over a hundred years of case law confirm that default judgment should not be entered against one joint co-defendant when the remaining joint co-defendants are actively participating in the lawsuit.

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

DEFENDANTS JOHN CATHCART AND MERCATOR CAPITAL ADVISORS, INC.'S OPPOSITION TO BLUE LINE FOODSERVICE DISTRIBUTION, INC.'S APPLICATION FOR DEFAULT JUDGMENT AGAINST NERY'S LOGISTICS, INC.

Pursuant to FRCP 54(b), "[w]hen an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties **only if the court expressly determines that there is no just reason for delay**." (emphasis added). Default judgments are ordinarily disfavored and "[c]ases should be decided upon their merits whenever reasonably possible." Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986).

Critically, a long-standing reason for delaying the entry of default judgment is if there are remaining co-defendants who are actively participating in the lawsuit. The United States Supreme Court acknowledged this well over a century ago in Frow v. De La Vega, 82 U.S. 552, 21 L. Ed. 60 (1872) with facts very similar to those at issue here. In Frow, the plaintiff alleged "joint fraud" against multiple co-defendants. Id. At 82 U.S. 552, 554. Judgment was entered against one of the co-defendants while the case remained pending against the others. Eventually, the lower court dismissed the claim of joint fraud against the remaining defendants because the claim was "entirely unfounded." Id. The United States Supreme Court declared this outcome to be "unseemly and absurd" and stated:

> The true mode of proceeding where a bill makes a joint charge against several defendants, and one of them makes default, is simply to enter a default and a formal decree *pro confesso* against him, and proceed with the cause upon the answers of the other defendants. The defaulting defendant has merely lost his standing in court. He will not be entitled to service of notices in the cause, nor to appear in it in any way. He can adduce no evidence, he cannot be heard at the final hearing. But if the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike—the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all. **But a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal.**

Id. (emphasis added).

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

DEFENDANTS JOHN CATHCART AND MERCATOR CAPITAL ADVISORS, INC.'S OPPOSITION TO BLUE LINE FOODSERVICE DISTRIBUTION, INC.'S APPLICATION FOR DEFAULT JUDGMENT AGAINST NERY'S LOGISTICS, INC.

4

Frow remains the leading case on default judgment against jointly liable defendants. In re First T.D. & Inv., Inc., 253 F.3d 520, 532 (9th Cir. 2001). It has also been expanded to apply to defendants that are similarly situated, even if they are not jointly and severally liable. Id. (citing Gulf Coast Fans, Inc. v. Midwest Elecs. Imps., Inc., 740 F.2d 1499, 1512 (11th Cir.1984), which held that it would be "incongruous and unfair" to allow a plaintiff to collect a large monetary award against the defaulted defendant when the plaintiff failed to prove those same claims against the remaining defendants at trial). Instead, the appropriate remedy is to allow the entry of default against the defendant who has failed to defend the case: "But no judgment will be entered until the other defendants are dismissed or the case comes to trial: If the other defendants prevail at trial, no judgment can be entered against the defaulting defendant; if the other defendants lose at trial, the ultimate judgment will be binding on all defendants." Judge Karen L. Stevenson et al., Cal. Practice Guide: Federal Civil Procedure Before Trial (California and 9th Cir. Edition) (The Rutter Group 2025) ¶ 6:126.

Here, Blue Line seeks to hold all of the defendants jointly and severally liable. [Dkt. 35-1 at p. 9 ("Blue Line stated three claims jointly and severally against each of the Defendants, including Nery's Logistics.")]. Yet it seeks a default judgment against one of them, Nerys Logistics. For well over a century, the law of this country has been that such a default judgment cannot be entered. The same "incongruous and illegal" outcome prohibited by Frow could easily occur in this lawsuit if Blue Line's *Application* were granted.

Furthermore, Blue Line is requesting a default judgment against one defendant on claims that are inextricably intertwined with the claims against the remaining, active defendants. Blue Line's claims against Nerys Logistics, as well as its claims against Cathcart and Mercator, are based on unsupported factual allegations about transfers to and from Cathcart and Mercator as the basis for its claims against Nery's Logistics. Even without the claims of joint liability, these three defendants all have similar

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

DEFENDANTS JOHN CATHCART AND MERCATOR CAPITAL ADVISORS, INC.'S OPPOSITION TO BLUE LINE FOODSERVICE DISTRIBUTION, INC.'S APPLICATION FOR DEFAULT JUDGMENT AGAINST NERY'S LOGISTICS, INC.

5

defenses. It would be "incongruous and unfair" to allow Blue Line to obtain a judgment by default against one defendant if Blue Line cannot succeed on the merits of those exact same claims against the remaining defendants.

This *Application* is a clear example of why the law prohibits entry of a default judgment against one jointly liable or similarly situated defendant while the remaining defendants are active in the case. Cathcart and Mercator are confident that they will ultimately prevail on the merits. Blue Line cannot use this Application as an end run around proving its case against the remaining defendants. Default judgment should not be entered against Nery's Logistics while its codefendants remain active participants in the case.

### B. Blue Line has not met the other factors established for a default judgment.

In addition to the plain prohibition discussed at length above, the *Application* must also be denied because Blue Line has failed to meet the basic requirements of a default judgment.

The court may consider several factors when exercising its discretion to enter a default judgment, including:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986). Blue Line's application has met none of these requirements.

First, there is no possibility of prejudice to the plaintiff. Default has already been entered against Nery's Logistics, but there are two other defendants remaining in this case that are actively defending themselves against Blue Line. As discussed above, the appropriate course of action here is to enter the default against Nery's Logistics and allow the remainder of the lawsuit to proceed. The case will be heard on the merits, and Blue Line will be allowed to move forward and attempt to prove its case against the

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA  89509
(775) 829-1222

DEFENDANTS JOHN CATHCART AND MERCATOR CAPITAL ADVISORS, INC.'S OPPOSITION TO BLUE LINE FOODSERVICE DISTRIBUTION, INC.'S APPLICATION FOR DEFAULT JUDGMENT AGAINST NERY'S LOGISTICS, INC.

6

remaining defendants. There is no prejudice to Blue Line in allowing the default to remain in place while the case is tried on the merits.

The second and third factors are typically reviewed together as a requirement that a plaintiff "state a claim on which the [plaintiff] may recover." PepsiCo, Inc. v. California Sec. Cans, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002). Blue Line has not established the merits of its substantive claim and its complaint is not sufficient to support a default judgment. Although Nery's Logistics is in default, the *Application* is rife with unsupported allegations against the remaining defendants Cathcart and Mercator. Strictly by way of example, the very first allegation stated by Blue Line in this section of the *Application* claims, "Transfers from Com Nerys and Nerys Logistics were to an insider, Cathcart. And transfers to the Cathcart Entities were essentially to Cathcart, as the Cathcart Entities serve as Cathcart's alter egos." (Dkt. 35-1 at p. 10). These are allegations against **Cathcart**, not Nery's Logistics, and Blue Line offers absolutely no actual evidence to support them. Indeed, this is exactly why a default judgment under these circumstances is considered "incongruous and unfair." Because Blue Line has failed to establish the merits of its claims or the sufficiency of the complaint against Cathcart and Mercator, buts relies on those claims throughout the *Application,* the *Application* must be denied.

The sum of money at stake in the action also weighs against the entry of default judgment. For this factor, courts are to consider the amount sought in the default judgment "in relation to the seriousness of Defendants' conduct." PepsiCo, Inc. v. California Sec. Cans, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002). A default judgment also "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." FRCP 54(c). The purpose of this rule, like the similar Cal. Civ. Proc. § 580, is to ensure fundamental fairness against the defaulting party. One aspect of this fundamental fairness is "that defaulting defendants should not be subject to damages in excess of an amount specifically set out in the complaint.... **If no specific amount of damages is demanded, the prayer cannot insure adequate notice of the demands**

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

DEFENDANTS JOHN CATHCART AND MERCATOR CAPITAL ADVISORS, INC.'S OPPOSITION TO BLUE LINE FOODSERVICE DISTRIBUTION, INC.'S APPLICATION FOR DEFAULT JUDGMENT AGAINST NERY'S LOGISTICS, INC.

7

made upon the defendant." Fehlhaber v. Fehlhaber, 681 F.2d 1015, 1025 (5th Cir. 1982) (quoting Becker v. S.P.V. Construction Co., Inc., 162 P.2d 915, 917-18, 165 Cal.Rptr. 825, 827-28 (1980)) (emphasis added). Here, Blue Line has failed to identify any specific dollar amount it seeks from Nery's Logistics. There is nothing in the *Complaint*, the *Application*, or the *Proposed Judgment* that gives an actual dollar amount that Blue Line seeks from Nery's Logistics. Even in Blue Line's Application, it provides no guidance regarding the amount of any default: ". . . Blue Line is entitled to receive damages from Nerys Logistics for at least some portion of the $6 million judgment." (Page 17, lines 17-18). Furthermore, in light of Blue Line's ongoing attempts to use this *Application* to bootstrap its unsupported allegations against Cathcart and Mercator, a monetary award of any amount at this stage would be entirely inappropriate.

As to the fifth factor, there is a very active and ongoing dispute about the material facts alleged in the *Complaint*. Again, Cathcart and Mercator are still defending this lawsuit. Blue Line's *Application* is full of factual allegations that are strongly contested by them. A default judgment against Nery's Logistics that is based entirely on disputed allegations against the remaining defendants is contrary to black letter law.

Cathcart and Mercator have no opinion as to the sixth factor, "whether the default was due to excusable neglect." Nery's Logistics has filed its own opposition to the *Application* that addresses the state of the company, and Cathcart and Mercator have no ownership or involvement in Nery's Logistics.

Finally, the strong policy underlying the Federal Rules of Civil Procedure favoring a decision on the merits again weighs heavily against the entry of default judgment here. Although it claims to be directed at Nery's Logistics, the *Application* is full of unsupported factual allegations against Cathcart and Mercator as well. These allegations will ultimately be decided on the merits. There is absolutely no legal or factual basis for this *Application* to be granted. Instead, Nery's Logistics should remain in default until the remainder of the case is decided.

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

DEFENDANTS JOHN CATHCART AND MERCATOR CAPITAL ADVISORS, INC.'S OPPOSITION TO BLUE LINE FOODSERVICE DISTRIBUTION, INC.'S APPLICATION FOR DEFAULT JUDGMENT AGAINST NERY'S LOGISTICS, INC.

## IV.   Conclusion

For these reasons, Cathcart and Mercator respectfully request that the *Application* be denied.

DATED this ⟋ day of July, 2025.

GUNDERSON LAW FIRM

By: _____
Courtney G. Sweet, Esq.
California State Bar No. 257261
*~and~*
DUCKOR METZGER & WYNNE
Mark C. Mazzarella, Esq.
California State Bar No. 82494
Katherine C. Fine, Esq.
California State Bar No. 310154
*Attorneys for John Cathcart and*
*Mercator Capital Advisors, Inc.*

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA  89509
(775) 829-1222

DEFENDANTS JOHN CATHCART AND MERCATOR CAPITAL ADVISORS, INC.'S OPPOSITION TO BLUE LINE FOODSERVICE DISTRIBUTION, INC.'S APPLICATION FOR DEFAULT JUDGMENT AGAINST NERY'S LOGISTICS, INC.

# EXHIBIT LIST

| Exhibit # | Description | Pages |
|---|---|---|
| Exhibit "1" | Distributor Agreement | 41 |
| Exhibit "2" | Notice of Arbitration | 3 |
| Exhibit "3" | Answer and Counterclaim | 23 |
| Exhibit "4" | Stipulation to Award | 4 |
| Exhibit "5" | Registration of Foreign Judgment, ECF 1, in Case No. 3:21-mc-00124 | 13 |
| Exhibit "6" | California Case Docket | 3 |
| Exhibit "7" | Complaint and Demand for Jury Trial, ECF 1, in Case No. 23-cv-10925 | 18 |
| Exhibit "8" | Order Granting Defendants' Motions to Dismiss, ECF 32, Case No. 23-cv-10925 | 9 |

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

**DEFENDANTS JOHN CATHCART AND MERCATOR CAPITAL ADVISORS, INC.'S OPPOSITION TO BLUE LINE FOODSERVICE DISTRIBUTION, INC.'S APPLICATION FOR DEFAULT JUDGMENT AGAINST NERY'S LOGISTICS, INC.**