1  GUNDERSON LAW FIRM
2  Courtney G. Sweet, Esq.
   California State Bar No. 257261
3  3895 Warren Way
4  Reno, Nevada 89509
   Telephone: 775.829.1222
5  Facsimile: 775.829.1226
6  csweet@gundersonlaw.com
   ~and~
7  Mark C. Mazzarella, Esq.
8  California State Bar No. 82494
   mmazzarella@dmwplc.com
9  Katherine C. Fine, Esq.
10 California State Bar No. 310154
   fine@dmwplc.com
11 DUCKOR METZGER & WYNNE
12 A Professional Law Corporation
   101 West Broadway, Suite 1700
13 San Diego, California 92101
14 Telephone: 619.209.3000
15 Facsimile: 619.209.3043

16 *Attorneys for John Cathcart and*
17 *Mercator Capital Advisors, Inc.*

18          **UNITED STATES DISTRICT COURT**

19          **SOUTHERN DISTRICT OF CALIFORNIA**
20

| | |
|---|---|
| 21  BLUE LINE FOODSERVICE DISTRIBUTION, INC., | Case No.: 24cv01250-W-MMP |
| 22                            Plaintiff, | |
| 23      v. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS MERCATOR CAPITAL ADVISOR'S, INC.'S AND JOHN CATHCART'S MOTION TO QUASH PLAINTIFF'S SEPTEMBER 5, 2025 SUBPOENAS TO BANK OF AMERICA NATION** |
| 24 | |
| 25  JOHN CATHCART, NERYS LOGISTICS, INC., MERCATOR CAPITAL ADVISORS, INC., | |
| 26 | |
| 27                            Defendants. | |
| 28 | |

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA  89509
(775) 829-1222

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ASSOCIATION AND CHARLES SCHWAB & COMPANY**

**DISCOVERY MATTER**

Hearing Date: COURT TO SET

NO ORAL ARGUMENT PURSUANT TO LOCAL RULE

Honorable Thomas J. Whelan
Courtroom 3C

/

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA  89509
(775) 829-1222

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................... 1

TABLE OF AUTHORITIES ....................................................................................... 2

MEMORANDUM OF POINTS AND AUTHORITIES ......................................... 3

I.   FACTUAL AND PROCEDURAL BACKGROUND ............................... 3

     A. There Should Be No Further Discovery Until the Court Can Determine
        If Mercator and Cathcart Are Entitled to Judgment as a Matter of Law
        on the Undisputed Facts. ................................................................... 8

     B. The Subpoenas to be Quashed. ........................................................ 9

II.  ARGUMENT ................................................................................................. 12

     A. The Motion to Quash Should be Granted Since Cathcart and Mercator
        Have Defenses Which, Once Presented to the Court, Will Result in the
        Dismissal of Blue Line's Complaint. .............................................. 12

        1. Blue Line Is Judicially Estopped from Seeking to Collect Its
           Judgment from Defendants. ....................................................... 12

        2. The Subpoenas Calling For the Production of Cathcart's and
           Mercator's Banking and Investment Records Should Be
           Quashed, Since Alter Ego Liability Cannot Attach If To Do So
           Would Be Inequitable and Unjust in Light of Blue Line's
           Promise Not to Sue. .................................................................... 14

        3. Cathcart and Mercator Cannot Be Liable for Any Transfers
           Occurring Before They Could Have Anticipated Liability to
           Blue Line. .................................................................................... 15

     B. Blue Line's Subpoenas on Bank of America and Mercator Seek
        Production of the Same Documents and Are Subject to the Same
        Objections on Relevancy, Proportionality and Privacy as Blue Line's
        Request for Production of Documents and Things to Cathcart and
        Mercator.. ............................................................................................ 17

III. CONCLUSION .............................................................................................. 20

EXHIBIT TABLE OF CONTENTS ......................................................................... 21

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS MERCATOR CAPITAL ADVISOR'S, INC.'S AND JOHN CATHCART'S MOTION TO QUASH

1

# TABLE OF AUTHORITIES

## Cases

Cancino Castellar v. McAleenan, 2020 WL 1332485 (S.D. Cal. Mar. 23, 2020) ..19

Cobb v. Superior Court (1979) 99 Cal.App.3d 543 ...........................................19

Doherty v. Comenity Capital Bank & Comenity Bank, 2017 WL 1885677 (S.D. Cal. May 9, 2017)........................................................................................19

Facebook, Inc. v. Pac. Nw. Software, Inc., 640 F.3d 1034 (9th Cir. 2011)............14

Goodwin v. City of Glendora, No. CV 17-3567-FMO (PLAx), 2017 WL 10560490 (C.D. Cal. Dec. 13, 2017) ..........................................................18

Jackson v. County of Los Angeles (1997) 60 Cal.App.4th 171 ...........................12

Mesler v. Bragg Mgmt. Co., 39 Cal. 3d 290, 702 P.2d 601 (1985) ......................15

Patterson v. Missler (1965) 238 Cal App. 2d 759 ...........................................17

PGA W. Residential Assn., Inc. v. Hulven Internat., Inc., 14 Cal. App. 5th 156, 221 Cal. Rptr. 3d 353 (2017), as modified (Aug. 23, 2017).............................18-19

Roberts v. Clark Cty. Sch. Dist., 312 F.R.D. 594 (D. Nev. 2016) ..........................19

Thomas v. Gordon (2000) 85 Cal. App. 4th 113 ...........................................14

Valley Bank of Nevada v. Superior Court (1975) 15 Ca.3e 652............................19

Yaesu Electronics Corp. v. Tamura (1994) 28 Cal. App. 4th 8 .............................15

## Statutes

Cal. Civ. Code § 3295(c) ..............................................................................19

Cal. Civ. Code § 3439.04..............................................................................7

Cal. Civ. Code § 3439.09(a) .........................................................................18

Cal. Civ. Code § 3439.09(c) ....................................................................18, 19

CCP § 3439.04 (a)(1)....................................................................................15

## Other Authorities

Cal. Const. art. I, § 1 ...................................................................................19

Federal Rules of Civil Procedure ("Rule") 26(b)(1) ........................................17, 19

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS MERCATOR CAPITAL ADVISOR'S, INC.'S AND JOHN CATHCART'S MOTION TO QUASH

2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    **Factual and Procedural Background**

In this action, Blue Line Foodservice Distribution, Inc. ("Blue Line") seeks to recover a judgment against Comercializadora Nerys De Mexico S.A. de C.V. ("Com Nerys") and its guarantor, Nerys USA, Inc. ("Nerys USA") from a consulting firm, Mercator Capital Advisors, Inc. ("Mercator"), and its owner, John Cathcart ("Cathcart"), as well as a Nerys Logistics firm now in default, Nerys Logistics, Inc. ("Nerys Logistics"), on theories of alter ego and fraudulent transfers. This Motion to Quash arises because Blue Line subpoenaed certain of Cathcart's and Mercator's bank and brokerage account records going back at least thirteen years in an unwarranted and highly invasive "fishing expedition."

For a little over one year, from October 10, 2010 until February 14, 2012, Nerys USA was a party to a distribution contract with Blue Line, which operates Little Ceasar's restaurants in thousands of locations and dozens of countries and territories around the world, including Mexico. During that time, Nerys USA provided Blue Line with distribution services (such as buying, ordering, warehousing, transportation, and inventory control) related to Blue Line's affiliated Little Caesar's pizza restaurants in Mexico.

After that first year, Nerys USA advised Blue Line that it did not want to renew its contract with Blue Line due to losses on the distribution and under payment by Blue Line. Nerys USA suggested that Blue Line replace Nerys USA with an unrelated Mexican company called Com Nerys, which was willing to enter into a new contract with Blue Line and assume Nerys USA's lease and employee obligations.

On February 14, 2012, Blue Line entered into a five-year Distributor Agreement with Com Nerys. (Cathcart Decl. at ¶ 2-7.) The 2012 Blue Line/Com Nerys Distributor Agreement called for Nerys USA to guarantee Com Nerys performance under the Distribution Agreement. The guarantee was not a subject of the negotiations by Blue Line, Com Nerys, or Nerys USA, and Blue Line never requested or obtained any

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA  89509
(775) 829-1222

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS MERCATOR CAPITAL ADVISOR'S, INC.'S AND JOHN CATHCART'S MOTION TO QUASH
3

financial data pertaining to Nerys USA's financial condition or its intentions to continue in business after the Blue Line Distribution Agreement with Nerys USA was terminated. Nerys USA did not receive any compensation from Blue Line under the terms of the 2012 Distributor Agreement with Com Nerys. After 2012, Nerys USA had very little or no transactions with Com Nerys but was aware that Com Nerys was performing under its Distribution Agreement with Blue Line during the contract's five-year term. (Cathcart Decl. at ¶ 8-11.)

Nerys USA's core business was selling Nerys brand cheese in Mexico, which it did from 2010 until it ceased actively doing business in 2018 because of Cathcart's failing health and the fatal impact on Nerys USA's business as a result of the twenty-five percent (25%) tariff imposed on cheese imported from the United States in 2018. During that entire period Nerys USA was a successfully operated business with millions of dollars in sales. (Cathcart Decl. at ¶ 12.)

After the Com Nerys agreement terminated in 2017, Blue Line, for the first time, discovered an inventory shortage. To Defendants' knowledge, prior to that time Blue Line made no claim against Com Nerys for breach of the 2012 Distribution Agreement.

On May 9, 2018, months after the Distributor Agreement expired, Blue Line filed a Notice of Arbitration with the American Arbitration Association ("AAA") against Com Nerys and Nerys USA, as its guarantor. By the time the arbitration was filed, Nerys USA had essentially stopped doing business. Blue Line sought approximately $6.3 million in the arbitration. In response, Com Nerys filed an Answer and Counterclaim and a subsequent Statement of Amended Counterclaim, seeking over $1.9 million from Blue Line. (Cathcart Decl. at ¶ 13-17.)

On April 8, 2020, Blue Line, Com Nerys, and Nerys USA resolved their claims and counterclaims in the arbitration by signing a "Stipulation to Award,' agreeing to an Award against Com Nerys and Nerys USA for over $6.3 million, which expressly "subsumed" and "disposed of" any claim against any other person or entity related to Com Nerys and/or Nerys USA, and in which Blue Line agreed not to sue anyone or

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA  89509
(775) 829-1222

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS MERCATOR CAPITAL ADVISOR'S, INC.'S AND JOHN CATHCART'S MOTION TO QUASH
4

any entity related to Nerys USA. Blue Line expressly agreed that the promise not to sue anyone or any entity related to Nerys USA was a material term of the Stipulation to Award. (A true and correct copy of the Stipulation to Award is attached hereto as Exhibit "A") Blue Line subsequently brought an action to confirm and enforce the award in the Eastern District of Michigan against Com Nerys and Nerys USA. Based on Blue Line's representation of the Stipulation to Award as valid and enforceable, the Award was confirmed as a Judgment. On October 5, 2020, the court entered a default judgment against Com Ners and Nerys USA, jointly and severally, for $6,342,402.63.

On January 29, 2021, Blue Line pursued collecting its judgment against Nerys USA by registering it in the United States District Court for the Southern District of California.  Blue Line then proceeded for the next two years with debtor exams and discovery, including taking depositions, issuing interrogatories, and subpoenas. To date, the Southern District of California case remains open.

On April 20, 2023, Blue Line, **for the first time,** raised allegations against Mercator and Cathcart when it filed a new lawsuit in the Eastern District of Michigan, alleging three counts against Com Nerys and Nerys USA, and added three new defendants: Nerys Logistics; Mercator; and Cathcart. This was the first time Cathcart became aware that Blue Line was seeking damages from Nerys Logistics, Cathcart or Mercator. (Cathcart Decl. at ¶ 18-26.)

Nerys Logistics was formed in 2011 to perform logistics services in the U.S., primarily for Mexican companies. These services generally involved purchasing products, transporting them to a warehouse in the U.S. and arranging exportation to Mexico. Nerys Logistics was paid by its clients for purchased product, services, and management fees. Nerys Logistics charged Com Nerys management fees to cover costs and staff on the U.S. side of the border to support Com Nerys' Blue Line contract. Nerys Logistics occasionally provided warehouse or logistics services to Nerys USA before Nerys USA ceased actively doing business in 2018.  Cathcart never was the sole owner of Nerys Logistics and sold his ownership interest several years ago. He no

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA  89509
(775) 829-1222

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS MERCATOR CAPITAL ADVISOR'S, INC.'S AND JOHN CATHCART'S MOTION TO QUASH
5

longer has any ownership interest, involvement, or control in Nerys Logistics. (Cathcart Decl. at ¶ 27-32.)

Mercator is a consulting firm that provides advisory services and management expertise to other companies. It was paid fixed weekly consulting fees from Nerys USA; however, after the Blue Line contract was assumed by Com Nerys in 2012, these consulting fees were exclusively from cheese sales unrelated to the Blue Line contract. Mercator was also paid fixed weekly consulting fees from Nerys Logistics. Cathcart, acting on behalf of Mercator, provided the consulting work for Nerys Logistics. In turn, Mercator paid Cathcart a monthly salary. (Cathcart Decl. at ¶ 33-36.)

To summarize the involvement of the parties:

- In 2012, Com Nerys took over the Nerys USA/Blue Line Distribution Agreement which provided services to Little Ceasar's restaurants on the Mexican side of the border. Nerys USA guaranteed Com Nerys' performance.

- Nerys USA was not involved with the Com Nerys/Blue Line contract from 2012 to 2017, when it terminated. Nerys USA ceased actively doing business in 2018 and was dissolved in February 2022. Nerys USA had no reason to believe Com Nerys breached its contract with Blue Line until July 2017. Cathcart and Mercator had no reason to believe Blue Line would claim they were liable to Blue Line in any way until 2023.

- Mercator, Cathcart's consulting company, provided services to Nerys USA while it was operating, and Nerys Logistics while it was operating, as well as to other companies.

- While it was operating, Nerys USA paid Mercator a consulting fee, and Mercator paid Cathcart a salary.

- Nerys Logistics paid Mercator a consulting fee, and Mercator paid Cathcart a salary.

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA  89509
(775) 829-1222

In the suit filed in Michigan in April 2023, and again in this action filed on July 19, 2024, Blue Line alleges three claims against Cathcart, Mercator and Nerys Logistics: (1) fraudulent transfer (Cal. Civ. Code § 3439.04); (2) common law fraudulent conveyance; and (3) alter ego / piercing the corporate veil. Nerys Logistics did not answer the complaint, and a default was taken against it. Blue Line currently seeks entry of a default judgment against Nerys Logistics, which is opposed.

On July 17, 2025, Blue Line subpoenaed Mercator's and Cathcart's financial records from Bank of America and Charles Schwab. Mercator and Cathcart objected and filed Motions to Quash both Subpoenas. After discussions before Magistrate Judge Michelle M. Pettit and meet and confer efforts by counsel, some progress was made regarding limiting the scope of the Subpoenas. However, a fundamental disagreement remains between the parties regarding the discoverability of documents going as far back as 2012, and the discoverability of any financial information from Mercator and Cathcart apart from transactions with Nerys USA and Com Nerys.

As noted above, Cathcart was paid as a consultant to Nerys USA through his consulting firm, Mercator. Both Cathcart and Mercator have other clients and other sources of income **having nothing to do with Nerys USA**. Cathcart and Mercator have produced all records in their possession regarding payments received from Nerys USA. They object, however, to the request in the Subpoenas for documents regarding sources of income or payments from other than Nerys USA. What income they had from other sources and how they spent it have nothing to do with Nerys USA's ability to satisfy Blue Lines' Judgment.

Mercator and Cathcart also object to the request for production of documents going back to 2012. Nerys USA ceased actively doing business in 2018 and was formally dissolved in 2022. The alleged liability of Com Nerys to Blue Line was not discovered until 2017 and no allegations were made against Mercator or Cathcart until 2023. It is impossible that Mercator and/or Cathcart acted in any way to intentionally avoid Nerys USA's liability as Com Nerys' guarantor before they learned of the

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

potential liability. By the time Cathcart and Mercator became aware of Blue Lines' allegations against them, Nerys USA had been dissolved, not to avoid paying its debts, but because of Cathcart's illness and the impact of the 2018 Mexican tariffs on U.S. cheese.

**A. There Should Be No Further Discovery Until the Court Can Determine If Mercator and Cathcart Are Entitled to Judgment as a Matter of Law on the Undisputed Facts.**

Blue Line made sufficient unsupported factual allegations in its Complaint to survive the Defendants' Motion to Dismiss. However, it will be unable to support any of its allegations with facts. As an example of Blue Line's distortion of the facts to survive defendants' Motion to Dismiss, it alleges that Cathcart commingled funds with Mercator by buying jewelry with Mercator's funds. (Dkt. 1 at ¶46). Presumably it omitted the facts since they do not support its allegations, and in fact, reveals their falsity. It is true that Cathcart mistakenly use a Mercator business debit card to purchase a single bracelet for his wife in June 2016. This was the only time this happened. Upon discovering this error, Cathcart promptly instructed the company's bookkeeper to journal the debit as a disbursement to Cathcart, which was done. (Cathcart Decl. at ¶37-39.) Blue Line misrepresented these facts to keep its claim of alter ego liability from being dismissed, while the true facts prove that Cathcart was careful to segregate his personal funds from company funds. The same can be said of the balance of Blue Lines' allegations.

**Moreover, how Mercator and Cathcart handled financial transactions between themselves and unrelated to Nerys USA has nothing to do with whether Nerys USA's assets were wrongfully transferred to evade creditors, or whether Nerys USA was the alter ego of either Mercator or Cathcart. Those issues depend entirely upon Cathcart's and Mercator's interactions with Nerys USA, not with any interactions between themselves.**

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS MERCATOR CAPITAL ADVISOR'S, INC.'S AND JOHN CATHCART'S MOTION TO QUASH
8

Furthermore, in the settlement of Blue Line's arbitration with Com Nerys and Nerys USA, Blue Line agreed not to sue anyone related to Nerys USA, including Cathcart and Mercator. It specifically acknowledged that its promise not to sue was a material term of the agreement. (Cathcart Decl. at ¶ 41-42.) In reliance upon the enforceability of that Agreement for Award, Blue Line obtained the Judgment against Nerys USA. **It is now judicially estopped, as a matter of law, from disavowing its promise not to sue, and suing Mercator and Cathcart in this action.**

Cathcart and Mercator have dispositive defenses to Blue Line's claims which should be heard before allowing any intrusive third-party discovery. The documents necessary to test these questions of law have already been obtained by Blue Line. Only if Cathcart's and Mercator's defenses are rejected, will the proper scope of any Subpoenas on Bank of America and Charles Schwab need to be determined.

**B. The Subpoenas to be Quashed:**

On September 5, 2025, Blue Line issued updated subpoenas for the production of documents to: (1) Bank of America and Charles Schwab, both calling for production of the requested documents "on or before September 26, 2025.

**The Subpoena to Bank of America seeks:**

1. **All bank records of Mercator Capital Advisors, Inc.** ("Mercator") **from January 1, 2012** to the present, including but not limited to bank statements, checking and savings account statements, and debit and credit card information. For reference, Mercator is a Nevada corporation. Mercator's registered agent is James K Burau. Mercator's registered office mailing address is 916 Southwood Blvd., Suite 1A, Incline Village, NV 89451. Mercator's FEIN is 45-5605877.

2. **All Documents concerning payments and/or transfer of funds or other things of value related to Mercator and Nerys Logistics, Inc. ("Nerys Logistics"), Comercializadora Nerys De Mexico, S.A. DE C.V. ("Com Nerys"), and Nerys USA Inc. ("Nerys USA").**

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS MERCATOR CAPITAL ADVISOR'S, INC.'S AND JOHN CATHCART'S MOTION TO QUASH

9

3. All documents reflecting **income received by John Cathcart ("Cathcart") from January 1, 2012** to the present, from the following: **Mercator, Nerys Logistics, Com Nerys, and Nerys USA.** Additional identifiable information for John Cathcart is below: 774 Mays Boulevard #10-450 Incline Village, NV 89451 SSN: XXX-XX-7898 4. All Documents concerning payments and/or transfer of funds or other things of value related to Cathcart from January 1, 2012 to the present. [Emphasis added.]

**The Subpoena to Schwab seeks**:

1. All documents reflecting **income received by John Cathcart ("Cathcart") from January 1, 2012** to the present, from the following: **Capital Advisors, Inc. ("Mercator"), Nerys Logistics, Inc., Comercializadora Nerys De Mexico, S.A. DE C.V., and Nerys USA Inc.** Additional identifiable information for Cathcart is below: 774 Mays Boulevard #10-450 Incline Village, NV 89451 SSN: XXX-XX-7898

2. All Documents concerning the **transfer of funds or other things of value related to Cathcart and Mercator, Nerys Logistics, Inc., Comercializadora Nerys De Mexico, SA DE C.V., and Nerys USA Inc. from January 1, 2012** to the present. [Emphasis added.]

**Objections Common to All Requests:**

Each request in the Subpoenas seeks documents generated as long as thirteen (13) years ago. No transactions before the alleged liability of Nerys USA on the Com Nerys guarantee when the Com Nerys contract ended in 2017, or more appropriately when Blue Line's first made a claim against Mercator and Cathcart in 2023, could possibly be relevant. Defendants could not possibly have intended to avoid liability for a debt that was not anticipated by anyone, including Blue Line.

Nerys USA was a viable business, not a shell. From 2010 to 2018, it generated millions of dollars in sales, paid its debts and maintained its finances separate for any other's. (Cathcart Decl. at ¶ 43-44.) Before Blue Line forces production of thirteen (13)

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS MERCATOR CAPITAL ADVISOR'S, INC.'S AND JOHN CATHCART'S MOTION TO QUASH
10

years of Cathcart's and Mercator's financial records on the theory that Nerys USA was their alter ego, Blue Line should be required to provide at least a scintilla of evidence supporting that claim. They have not, even though they have now made their disclosures pursuant to FRCP Rule 26.

**Objections to Requests in Bank of America Subpoena**

1. The first request in the Bank of America Subpoena seeks bank records pertaining to Mercator. Mercator is the consulting firm through which Cathcart has done business for many years, and for many clients. Asking for detailed financial records involving parties unrelated to this dispute, and having nothing to do with Nerys USA, is a blatant abuse of the discovery process. It shows no regard whatsoever for the privacy rights of Cathcart or unrelated third persons, including Mercator's clients, employees or other individuals who may have done business with Mercator.

2. The second request in the Bank of America Subpoena seeks: "All Documents concerning payments and/or transfer of funds or other things of value related to [Mercator, Nerys Logistics, Com Nerys and Nerys USA]." With different terminology, Blue Lines again seeks virtually all bank records pertaining to Mercator, since "payments and/or transfer of funds" would include virtually all records maintained by the bank. Cathcart has already produced Nerys USA's Bank of America records and has no objection to the request for those records.

3. The third request seeks: "All documents reflecting income received by John Cathcart ("Cathcart") from January 1, 2012 to the present, from the following: Mercator, Nerys Logistics, Com Nerys, and Nerys USA. This request is subject to the same objections as the first two requests. In addition, this request seeks Cathcart' personal financial records and therefore violates his Constitutional right to privacy.

///

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS MERCATOR CAPITAL ADVISOR'S, INC.'S AND JOHN CATHCART'S MOTION TO QUASH

11

**Objections to Requests in Charles Schwab Subpoena**

1. The first request in the Charles Schwab Subpoena is essentially identical to the third request in the Bank of America Subpoena and is subject to the same objections.

2. The second request in the Charles Schwab Subpoena is essentially identical to the second request in the Bank of America Subpoena and is subject to the same objections.

II. <u>Argument</u>

A. <u>**The Motion to Quash Should be Granted Since Cathcart and Mercator Have Defenses Which, Once Presented to the Court, Will Result in the Dismissal of Blue Line's Complaint.**</u>

Cathcart and Mercator intend to vigorously defend Blue Line's baseless allegations. Cathcart and Mercator raise defenses, which if successful, will result in the dismissal or drastic restriction of the claims Blue Line asserts. At a minimum, discovery into Cathcart's and Mercator's financial transactions should be stayed until the appropriate motions are heard to determine if Blue Line should be allowed to proceed with this action at all.

1. *Blue Line Is Judicially Estopped from Seeking to Collect Its Judgment from Defendants.*

Judicial estoppel applies when "(1) the same party has taken two positions; (2) the positions were taken in judicial or quasi-judicial administrative proceedings; (3) the party was successful in asserting the first position (i.e., the tribunal adopted the position or accepted it as true); (4) the two positions are totally inconsistent; and (5) the first position was not taken as a result of ignorance, fraud, or mistake. <u>Jackson v. County of Los Angeles</u> (1997) 60 Cal.App.4th 171, 183.

As noted above, on April 7, 2020, Blue Line, Com Nerys and Nerys USA entered into the Stipulation to Award concluding the arbitration. [Exhibit "A"]. Blue Line agreed that **any liability** of any "parents, subsidiaries, **affiliates,** directors, managers,

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

**officers,** executives, **shareholders** . . . in any way arising from [the Blue Line/Nerys USA or the Blue Line/Com Nerys agreements]. . . **are subsumed within and disposed of by the Award,** and that neither Blue Line nor Nerys possesses any claim against the other separate from or additional to those determined by the Award." [Emphasis added.] The Stipulation then concluded: "This provision is a material term of this Stipulation to Award."

Blue Line successfully petitioned the United States District Court for the Eastern District of Michigan to confirm the Award and enter Judgment based upon the "Stipulation to Award," which was more than just a release. It was an affirmative representation that any liability of anyone else was **subsumed within and disposed of by the Award,** and a promise that Blue Line would not pursue any other person or entity related to Com Nerys or Nerys USA to collect its judgment making it an agreement not to sue as well. In this action, Blue Line seeks relief which is directly contrary to the relief it sought and obtained by virtue of the Stipulation to Award. Blue Line, therefore, is judicially estopped from obtaining the relief it seeks in this action against Cathcart and Mercator.

Blue Line cannot claim "ignorance, fraud, or mistake." It was represented by counsel and knew full well that it was agreeing not to sue, and that the agreement not to sue was "a material term of this Stipulation to Award." Furthermore, had Blue Line taken the position that a "material term of [the] Stipulation to Award" was the result of ignorance, fraud or mistake, the Stipulation to Award would have been unenforceable and Blue Line would not have been entitled to rely upon the Stipulation to Award when seeking confirmation of that Award and entry of judgment against Com Nerys and Nerys USA.

Furthermore, it could have conducted discovery before settling the arbitration with the promise to Nerys USA that Blue Line would not pursue any related person or entity to recover its Stipulated Judgment. This not unlike the "willful blindness to the

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS MERCATOR CAPITAL ADVISOR'S, INC.'S AND JOHN CATHCART'S MOTION TO QUASH

1    content of documents" which the court found insufficient to avoid the application of

2    judicial estoppel in <u>Thomas v. Gordon</u> (2000) 85 Cal. App. 4th 113, 121.

3        If the court finds judicial estoppel applies, as discussed above, this action will be

4    dismissed. It would be unreasonable and unfair for Blue Line to obtain the most

5    invasive and personal of all discovery, discovery into every aspect of a party's personal

6    and professional life, through a wild fishing expedition based upon false allegations

7    and before it is determined if the plaintiff is estopped altogether from proceeding with

8    the litigation.

9               **2.    *The Subpoenas Calling For the Production of Cathcart's and***

10               ***Mercator's Banking and Investment Records Should Be Quashed,***

11               ***Since Alter Ego Liability Cannot Attach If To Do So Would Be***

12               ***Inequitable and Unjust In Light of Blue Line's Promise Not to Sue.***

13        As noted above, on April 7, 2020, when Blue Line, Com Nerys and Nerys USA

14    entered into the Stipulation to Award concluding the arbitration [attached hereto as

15    Exhibit "A"], Blue Line agreed that **any liability** of any "parents, subsidiaries,

16    affiliates, directors, managers, officers, executives, shareholders . . . in any way arising

17    from [the Blue Line/Nerys USA or the Blue Line Com Nerys agreements]. . . **are**

18    **subsumed within and disposed of by** the Award, and that neither Blue Line nor Nerys

19    possesses any claim against the other separate from or additional to those determined

20    by the Award." The parties agreed **this term was "material**."

21        A material term in an agreement is a provision that is so essential to the contract

22    that its absence or a significant change would likely cause a reasonable party to not

23    enter into the agreement or would fundamentally alter the nature of the bargain. *See*

24    <u>Facebook, Inc. v. Pac. Nw. Software, Inc.</u>, 640 F.3d 1034, 1037 (9th Cir. 2011) ("a

25    term may be 'material' in one of two ways: It may be a necessary term, without which

26    there can be no contract; or, it may be an important term that affects the value of the

27    bargain. Obviously, omission of the former would render the contract a nullity.")

28

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS MERCATOR CAPITAL ADVISOR'S, INC.'S AND JOHN CATHCART'S MOTION TO QUASH

14

For alter ego liability to arise, there must be both (1) a unity of interest and ownership between the alleged alter egos, and (2) failing to attach alter ego liability must result in an inequitable result or injustice. <u>Mesler v. Bragg Mgmt. Co.</u>, 39 Cal. 3d 290, 300, 702 P.2d 601, 606 (1985). Here, the only reason Nerys USA stipulated to the Award was Blue Line's promise that Blue Line was satisfied with the Award against Com Nerys and Nerys USA, and that no other entity or individual associated with them would be pursued to recover the Award. By agreeing to the materiality of this promise Blue Line acknowledged that it would not have received the Award, and ultimately the Judgment, which Blue Line now depends upon, had it not been for this promise. It would **not** be inequitable or unjust to hold Blue Line to its promise. **Instead, it would be unjust and inequitable not to.**

Consequently, when Cathcart and Mercator have the opportunity to present this defense to the court, Blue Line's spurious litigation will come to a halt. Blue Line's effort to create pressure and invade Cathcart's, and potentially other individuals,' privacy should be stopped at this time by quashing the subpoenas on Bank of America and Charles Schwab.

### 3. Cathcart and Mercator Cannot Be Liable for Any Transfers Occurring Before They Could Have Anticipated Liability to Blue Line.

The gravamen of any claim for fraudulent transfer is the "intent to hinder, delay, or defraud any creditor of the debtor." CCP § 3439.04 (a)(1); <u>Yaesu Electronics Corp. v. Tamura</u> (1994) 28 Cal. App. 4th 8, 13 (A fraudulent conveyance is "a transfer by the debtor of property to a third person undertaken **with the intent to prevent a creditor from reaching that interest to satisfy its claim.**" [Emphasis added.])

Nerys USA terminated its relationship with Blue Line as of February 14, 2012, at which time Blue Line entered into its five-year distribution agreement with Com Nerys, which Nerys guaranteed, but did not monitor. In July 2017, after Com Nerys' five-year contract ended, Blue Line and Com Nerys discovered, **for the first time, a**

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS MERCATOR CAPITAL ADVISOR'S, INC.'S AND JOHN CATHCART'S MOTION TO QUASH

15

$6.3 million shortage in inventory which had accumulated over the years due to a glitch in the inventory and accounting software used by Com Nerys.  Blue Line claimed Com Nerys was liable for the shortfall.

On May 9, 2018, Blue Line filed for arbitration against Com Nerys and Nerys USA. In the arbitration, Blue Line did not seek relief from Nerys Logistics, Mercator or Cathcart. In fact, on April 7, 2020, when Blue Line, Com Nerys and Nerys USA entered into the Stipulation to Award which concluded the arbitration [attached hereto as Exhibit "A"], Blue Line agreed that any liability of any "parents, subsidiaries, affiliates, directors, managers, officers, executives, shareholders . . . in any way arising from [the Blue Line/Nerys USA or the Blue Line Com Nerys agreements]. . . **are subsumed within and disposed of** by the Award, and that neither Blue Line nor Nerys possesses any claim against the other separate from or additional to those determined by the Award." In October 2020, the United States District Court for the Eastern District of Michigan confirmed the award as a judgment. In 2021, Blue Line registered the Judgment in the United States District Court for the Southern District of California. [Emphasis added.]

Prior to 2023, when Blue Line sued Cathcart and Mercator, they had no reason to believe they would ever be subject to the judgment against Nerys USA or any action by Blue Line **to collect money from them.** It was not until April 2023, when Blue Line first filed its lawsuit in Michigan that Blue Line sought to obtain a judgment against Nerys Logistics, Mercator or Cathcart based on allegations of fraudulent conveyance and alter ego.

As Blue Line has argued repeatedly, the Com Nerys/Blue Line business appeared to be profitable for both parties, generating $90 million in gross profit for Com Nerys. (Dkt. 1 at ¶21). For over five years, from February 2012 until July 2017, there was no hint to anyone—including Blue Line—that there would be any liability by Com Nerys to Blue Line, as necessary to trigger Nerys USA's guarantee. **If the debt by Com Nerys was not anticipated by Blue Line, a party to the contract, it**

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS MERCATOR CAPITAL ADVISOR'S, INC.'S AND JOHN CATHCART'S MOTION TO QUASH

1 | **certainly could not have been anticipated by Cathcart or Mercator.** Furthermore,
2 | in the Stipulation for Award, Blue Line expressly stated that no other person or entity
3 | related to Com Nerys or Nerys USA, including Cathcart and Mercator, would be sued.
4 | Cathcart and Mercator had no reason not to take Blue Line at its word.

5 |     It is true, a person can be held liable for transferring property to avoid either a
6 | current debt, or a debt that is anticipated will arise in the future. <u>Patterson v. Missler</u>
7 | (1965) 238 Cal App. 2d 759, 764. There need not be a judgment, or even a suit, **but**
8 | **there must be anticipation of future liability.** Blue Line cannot establish that
9 | Cathcart and Mercator intended to transfer assets to avoid a debt that they had no
10 | inkling was on the horizon until as late as 2023.

11 |     Blue Lines' subpoena of all of Mercator's and Cathcart's bank and brokerage
12 | account records going back to 2012 is a blatant abuse of the discovery process and the
13 | subpoenas to Bank of America and Charles Schwab should be quashed.

14 | **B.** **<u>Blue Line's Subpoenas on Bank of America and Mercator Seek Production</u>**
15 | **<u>of the Same Documents and Are Subject to the Same Objections on</u>**
16 | **<u>Relevancy, Proportionality and Privacy as Blue Line's Request for</u>**
17 | **<u>Production of Documents and Things to Cathcart and Mercator.</u>**

18 |     On June 6, 2025, Blue Line served its first set of Requests for Production on
19 | Mercator and Cathcart. Mercator and Cathcart served their responses, including their
20 | objections, on July 21, 2025. Blue Lines' Requests for Production, among other things,
21 | seek production of Cathcart's and Mercator's banking and brokerage records from
22 | 2012 to the present. Mercator and Cathcart have objected to the Requests for
23 | Production on the same basis as they object to the subpoenas on Bank of America and
24 | Charles Schwab.

25 |     The FRCP requires that information sought in discovery not only be relevant,
26 | but also *proportional* to the needs of the case.  FRCP 26(b)(1). The subpoenas seek
27 | production of documents that are irrelevant as to time and scope and thus not
28 | proportional to the needs of this case. The demands for "all" banking and brokerage

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS MERCATOR CAPITAL ADVISOR'S, INC.'S AND JOHN CATHCART'S MOTION TO QUASH
17

account records of anyone and any entity related to Cathcart or Mercator for at least the past thirteen (13) years, goes beyond what is conceivably relevant to Blue Lines' alter ego or fraudulent transfer theories and would constitute serious intrusions on Cathcart's and third parties' privacy rights without substantial justification.

As noted above, the gravamen of Plaintiff's case is the allegation that Cathcart and Mercator fraudulently transferred assets from the judgment debtor, Nerys USA, to Nerys Logistics, Mercator and/or John Cathcart in order to place those assets beyond Blue Lines' ability to collect its judgment. (*See* Dkt. 1 at ¶8-9.) Cathcart and Mercator were unaware of any dispute between Com Nerys and Plaintiff until July 2017 and were unaware that Blue Line claimed Cathcart and Mercator wrongfully transferred asset to avoid Nerys USA's creditors until they were sued in 2023. Fraudulent transfer liability requires the **intent** to place assets beyond the reach of creditors. Cathcart and Mercator could not have had the intent to make transfers to avoid Blue Lines' collection efforts if, as is the case, they had no reason to anticipate Blue Lines' current claims.

The subpoenas are overbroad where the period is from 2012 to present, a thirteen (13) year span. *See, eg* Goodwin v. City of Glendora, No. CV 17-3567-FMO (PLAx), 2017 WL 10560490, at *5 (C.D. Cal. Dec. 13, 2017) (Plaintiff's request for every relevant incident in the past ten years without further limitations not proportional to the needs of the case).

Additionally, the subpoenas seek information that is irrelevant based on applicable statute of limitations and statute of repose, as discussed in the September 3, 2024, *Motion to Dismiss* and October 21, 2024 *Reply*. A claim for fraudulent transfer must be brought within either four years of the purported transfer or, if later, within one year of the claimant discovering the transfer. Cal. Civ. Code § 3439.09(a). The seven-year time limit is a statute of repose that acts as an absolute, unwaivable bar to any claim. Cal. Civ. Code § 3439.09(c); PGA W. Residential Assn., Inc. v. Hulven Internat., Inc., 14 Cal. App. 5th 156, 175, 221 Cal. Rptr. 3d 353, 370 (2017), as

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

1 modified (Aug. 23, 2017) ("We conclude section 3439.09(c) is a statute of repose that
2 is not subject to forfeiture, and that [the judgment creditor's] claims were completely
3 extinguished when the seven-year period expired."). Despite Blue Line being well
4 aware of the applicability of these statutes of limitation and repose, it has subpoenaed
5 documents that are well outside those limitations.

6    Typically, the relevance standard is broad in scope and "encompass[es] any
7 matter that bears on, or that reasonably could lead to other matters that could bear on,
8 any issue that is or may be in a case." Doherty v. Comenity Capital Bank & Comenity
9 Bank, 2017 WL 1885677, at *2 (S.D. Cal. May 9, 2017). Relevance, however, is not
10 without limits. Id. ".... to fall within the scope of discovery, the information must also
11 be "proportional to the needs of the case," requiring lawyers to "size and shape their
12 discovery requests to the requisites of a case" while "eliminat[ing] unnecessary or
13 wasteful discovery." Fed. Civ. R. P. 26(b)(1); Cancino Castellar v. McAleenan, 2020
14 WL 1332485, at *4 (S.D. Cal. Mar. 23, 2020) (quoting Roberts v. Clark Cty. Sch.
15 Dist., 312 F.R.D. 594, 603 (D. Nev. 2016)).

16    Blue Line clearly made no meaningful effort to restrict the scope of its subpoenas
17 as required. Although they are modified from the original versions that were sent in
18 July, these were not substantive changes and did not address the underlying defects in
19 the subpoenas.  Additionally, Blue Lines' subpoenas ignore the privacy interests of
20 Cathcart and third parties, including clients, employees and others with whom Cathcart
21 and/or Mercator had financial transactions during the past thirteen (13) years. Even
22 when information sought is relevant, an individual who is a party to litigation has a
23 fundamental right of privacy regarding their confidential financial affairs under Cal.
24 Const. art. I, § 1. Cobb v. Superior Court (1979) 99 Cal.App.3d 543, 550; Cal. Civ.
25 Code § 3295(c). In addition, the confidential affairs of third persons (nonparties) are
26 also entitled to privacy. Valley Bank of Nevada v. Superior Court (1975) 15 Ca.3e 652,
27 658.

28

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS MERCATOR CAPITAL ADVISOR'S, INC.'S AND JOHN CATHCART'S MOTION TO QUASH
19

It is incumbent upon Blue Line to restrict its third-party subpoenas to documents which do not seek information protected by the privacy rights in the California Constitution, and which are relevant and proportional to the needs of the litigation. When, as here, the subpoenaing party chooses to ask for everything, including the proverbial kitchen sink, its subpoenas should be quashed.

## III.  Conclusion

For the foregoing reasons, Cathcart and Mercator respectfully request this court quash Blue Lines' subpoenas on Bank of America and Charles Schwab.

DATED this ____ day of September, 2025.

GUNDERSON LAW FIRM

By: _____

Courtney G. Sweet, Esq.
California State Bar No. 257261
*~and~*
DUCKOR METZGER & WYNNE
Mark C. Mazzarella, Esq.
California State Bar No. 82494
Katherine C. Fine, Esq.
California State Bar No. 310154
*Attorneys for John Cathcart and*
*Mercator Capital Advisors, Inc.*

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS MERCATOR CAPITAL ADVISOR'S, INC.'S AND JOHN CATHCART'S MOTION TO QUASH
20

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## EXHIBIT LIST

| Exhibit # | Description | Pages |
|-----------|-------------|-------|
| Exhibit "1" | Stipulation to Award | 4 |

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222